[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Freedom of Information Commission ("FOIC") moves this court to dismiss this appeal for the reason that the court lacks subject matter jurisdiction because the plaintiff failed to apply to this court within fifteen days of the FOIC's decision not to grant her a hearing, as required by Connecticut General Statutes § 1-206 (b)(2).
The facts are as follows. On December 28, 1999, the plaintiff filed a complaint with the FOIC, pursuant to § 1-206 (b)(2), seeking to vacate action taken by the Monroe Inland Wetlands Commission at its November 10, 1999 meeting. On January 11, 2000, FOIC notified the plaintiff it would take no further action on her complaint because, among other reasons, her complaint had not been filed within thirty days of the November 10, 1999 meeting of the Monroe Inland Wetlands Commission. On CT Page 9513 February 1, 2000, the plaintiff urged FOIC to conduct a hearing on her complaint. On February 3, 2000, Melanie R. Balfour, acting clerk of the Commission, notified the plaintiff her complaint had been docketed and she would receive notice of a hearing. On February 7, 2000, Dolores E. Tarnowski, clerk of FOIC, notified the plaintiff that the FOIC Commission would not schedule a hearing on her complaint pursuant to Connecticut General Statutes § 1-206 (b)(2)(A) "without leave of the Commission on the ground that there is reason to believe that such appeal `presents a claim beyond the Commission's jurisdiction.'" On February 29, 2000, the plaintiff filed a brief claiming the FOIC was legally compelled to conduct a hearing on the complaint. The FOIC scheduled consideration of plaintiff's request for a hearing for March 8, 2000. On that day plaintiff appeared and argued. The Commission deliberated and voted not to hold the hearing. On March 15, 2000, Dolores E. Tarnowski, clerk of the FOIC, served notice to the parties that the FOIC had decided "to approve the decision not to schedule a hearing" and that "the matter is hereby administratively withdrawn."
On April 5, 2000, the plaintiff filed this administrative appeal alleging the FOIC decision dismissing the complaint without a hearing constituted conduct which was illegal, arbitrary, capricious and in abuse of its discretion, and further alleged that the action of the FOIC "was undertaken without any substantial justification within the meaning of Connecticut General Statutes § 4-184a(b)." The appeal requested the relief that the FOIC be ordered and directed to conduct a hearing and that the plaintiff be awarded reasonable fees and expenses including attorney's fees pursuant to Connecticut General Statutes § 4-184a(b).
Because the plaintiff failed to comply with § 1-206 (b)(2) which requires that an application be made to this court within fifteen days of a decision of FOIC denying a hearing on plaintiff's complaint, the defendant moves to dismiss. That section provides as follows:
"If the executive director of the commission has reason to believe an appeal under subdivision (1) of this subsection or subsection (c) of this section (A) presents a claim beyond the commission's jurisdiction; (B) would perpetrate an injustice; or (C) would constitute an abuse of the commission's administrative process, the executive director shall not schedule the appeal for hearing without first seeking and obtaining leave of the commission. The commission shall provide due notice to the parties and review affidavits and written argument that the parties may submit and grant or deny such leave summarily at its next regular meeting. The commission CT Page 9514 shall grand such leave unless it finds that the appeal: (i) does not present a claim within the commission's jurisdiction; (ii) would perpetrate an injustice; or (iii) would constitute an abuse of the commission's administrative process. Any party aggrieved by the commission's denial of such leave may apply to the superior court for the judicial district of Hartford, within fifteen days of the commission meeting at which such leave was denied, for an order requiring the commission to hear such appeal.
(Emphasis added.)
Defendant relies on the well established rule that the right to appeal decisions of administrative agencies exists only under statutory authority, Farricielli v. Personnel Appeal Board, 186 Conn. 198, 201
(1982), and strict compliance with statutory provisions is required.Donis v. Conn. Board of Examiners in Podiatry, 207 Conn. 674, 683
(1988). The appeal provisions of the statute are jurisdictional in nature and failure to comply with them renders the appeal dismissible.Basilicato v. Dept. of Public Utility Control, 197 Conn. 320, 324
(1985).
The plaintiff opposes the motion on three grounds: (1) The applicable statute is § 4-183 which provides for a forty-five day period within which to appeal an administrative decision; (2) The executive director of FOIC failed to act in accordance with § 1-206 (b)(2); (3) If §1-206 (b)(2) is invoked, plaintiff would be illegally deprived of her right to attorney's fees and costs pursuant to § 4-184. There is no merit to any of these grounds.
 I.
The plaintiff seeks to invoke § 4-183 as governing this appeal. That section provides: "(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section." Subsection (c) of § 4-183 provides for a forty-five day period within which to appeal a final decision.
As indicated above, § 1-206 (b)(2) provides that a person aggrieved by the commission's denial of leave for a hearing may apply to the superior court within fifteen days of the commission's meeting at which the leave was denied for an order requiring the commission to hear such appeal.
Since the plaintiff's complaint here asks this court to order the CT Page 9515 commission to hold the hearing, § 1-206 (b)(2) clearly applies. This follows from the canon of statutory construction that a specific provision "covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling." Concerned Citizens of Sterling, Inc. v. Conn. SitingCouncil, 215 Conn. 474, 482-83 (1990).
Another statutory interpretation canon is that statutes are to be construed as a harmonious whole. The rule is stated as follows: "In construing the act . . . this court makes every part operative and harmonious with every other part insofar as is possible." Weinberg v. ARAVending Co., 223 Conn. 336, 341 (1992). When so construed, there is no conflict between § 1-206 (b)(2) and § 4-183. The statutory scheme of appeal of decisions of the FOIC is as follows. When FOIC denies a hearing on a complaint filed with it, application may be made, under § 1-206 (b)(2) to the superior court requiring that such a hearing be held. If the court denies the application, the plaintiff has had her day in court and the matter is concluded. If the court grants the application for a hearing and one is held, then the plaintiff has a right to appeal the FOIC decision under § 4-183 as a final decision. Here, plaintiff has failed to apply for a court order requiring a hearing within the time limit prescribed by § 1-206 (b)(2). She cannot now seek to override § 1-206 (b)(2) and directly invoke § 4-183. This would violate the pattern of appeals for FOIC decisions established by the statute. Moreover, by failing to properly invoke § 1-206 (b)(2), she failed to exhaust her administrative remedies, as required by § 4-183.
 II.
Section 1-206 (b)(2) provides that the executive director of the commission shall not schedule a hearing under certain circumstances without first seeking and obtaining leave of the commission. Here, the plaintiff asserts error in that the executive director did not perform those functions, but rather they were performed by a clerk of the commission scheduling the FOIC meeting to determine whether or not to grant the hearing.
The court interprets the provision of § 1-206 (b)(2), that the executive director act to facilitate a commission decision on granting a hearing, as a matter of convenience rather than substance, and consequently directory rather than mandatory. The provision secures "system and dispatch in the proceedings" and significantly is not "accompanied by language that expressly invalidates any action taken after noncompliance with the provision." Lauer v. Zoning Commission ofTown of Redding, 246 Conn. 251, 262 (1998). Moreover, the clerk of FOIC, acting on behalf of the executive director, satisfies the statute. CT Page 9516
Furthermore, plaintiff was not prejudiced in any way because, in fact, she did get the right to appear and argue before the FOIC on whether or not she had a right to a hearing on her complaint.
 III.
Plaintiff's third claim that she would be denied her right to attorney's fees under § 4-184a(b) if § 1-206 (b)(2) is applied is so transparently without merit as hardly to warrant discussion. The legislature has the power to determine whether or not attorney's fees are to be allowed in certain types of cases. When it does not mention attorney's fees in § 1-206(b)(2), plaintiff is not entitled to invoke § 4-183 in order to give her some ground for attorney's fees.
Based on the foregoing, the motion to dismiss is granted.
Robert Satter Judge Trial Referee